UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 25-20384-CIV-CANNON

**DAVID SAINT FORT,**

    Petitioner,

v.

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

## ORDER DISMISSING § 2241 PETITION AS MOOT

**THIS MATTER** comes before the Court on Petitioner David Saint Fort's *pro se* Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("the Petition") [ECF No. 1]. The Petition alleges that Petitioner was a pretrial detainee in the custody of federal immigration authorities at Krome Detention Center in Miami, Florida, and had, at the time of filing, been in custody for over 20 months [ECF No. 1 p. 1]. For relief, the Petition requests a hearing before an immigration judge or Petitioner's release [ECF No. 1 p. 13]. This Court entered an Order to Show Cause on February 4, 2025 [ECF No. 6], to which the Government responded on March 18, 2025, arguing that the Petition should be denied [ECF No. 9]. However, on April 14, 2025, the Government filed a Motion to Dismiss [ECF No. 10], arguing that this action is now moot as a result of Petitioner's release from custody. For the following reasons, the Petition is **DISMISSED** for lack of subject matter jurisdiction.

For this Court to entertain an action, the action must be "justiciable," that is, it must involve a "case or controversy" under Article III of the Constitution. *See United States v. Fla. Azalea Specialists*, 19 F.3d 620, 621 (11th Cir. 1994). "[A] case is moot when it no longer presents a live

controversy with respect to which the court can give meaningful relief." *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993). Under such circumstances, dismissal is required. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

The Government, in its Motion to Dismiss as Moot [ECF No. 10], has included documentation demonstrating that Petitioner has been removed from the United States and is no longer in custody [ECF No. 10-1]. Because Petitioner is no longer in custody, the injury underlying the Petition no longer exists, leaving no injury for this Court to redress. While there is a narrow exception to the mootness doctrine where the complained-of conduct is capable of being repeated and evading review, no basis exists to apply that exception here because Plaintiff has been released from the challenged custody and removed [ECF No. 10]. *See Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242–43 (11th Cir. 2002).

Therefore, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] is **DISMISSED** for lack of jurisdiction.

2. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 16th day of May 2025.

_____
**AILEEN CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record